<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PATRICIA RODRIGUEZ** Plaintiff, v. **COMMISSIONER OF SOCIAL SECURITY,** Defendant. | 04-CV-1242 (WJM) **OPINION** |

Abraham S. Alter
Langston & Alter
P.O. Box 1798
2096 St. Georges Avenue
Rahway, NJ 07065
*Attorney for Plaintiff*

Arthur Swerdloff
Special Assistant U.S. Attorney
26 Federal Plaza, Room 3904
New York, NY 10278-0004
*Attorney for Defendant*

**I. Introduction**

Plaintiff Patricia Rodriguez brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of the Commissioner of Social Security's (hereinafter "Commissioner") final determination that denied Plaintiff's application for Disability Insurance Benefits (hereinafter "DIB") and Supplemental Security Income (hereinafter "SSI").  In an opinion issued May 23, 2003, Administrative Law Judge Richard L. DeSteno (hereinafter "ALJ") determined Plaintiff was not entitled to benefits because she did not qualify as "disabled" within the meaning of the Social Security Act (hereinafter "the Act").

Plaintiff requests this Court reverse and remand her case for a new hearing and determination.  Plaintiff argues the ALJ failed to consult a medical advisor, as required by Social Security Regulation 83-20 (hereinafter "SSR"), to determine the onset date of her impairments for her DIB claim.  As to her SSI claim, Plaintiff contends the ALJ failed to explain his evidentiary basis and present substantial evidence in his determinations that: (1) Plaintiff's impairments did not meet or equal the severity of those included in the Listing of Impairments provided in 20 C.F.R. § 404, Subpart P, Appendix 1; (2) Plaintiff has the capacity to perform sedentary work; and, (3) Plaintiff has the ability to perform her past work as a data entry clerk.  Commissioner concedes to a remand with regard to the SSI claim, but objects to the remand of the DIB claim.

**II. Procedural History & Factual Background**

Plaintiff applied for both DIB under Title II of the Act, and SSI under Title XVI of the Act on October 3, 2001.  (Tr. at 82.)[1]  The Commissioner denied both claims initially on March

---

[1] The designation "Tr." refers to the administrative record.

2

4, 2002 (Tr. at 62), and again on reconsideration on May 31, 2002.  (Tr. at 70.)  Plaintiff then requested an administrative hearing (Tr. at 68), which took place on April 3, 2003.  (Tr. at 28.)  Plaintiff testified that a combination of impairments have left her disabled (Tr. at 39), including physical ailments of liver disease, hepatitis, lupus, asthma, diabetes, and arthritis, in addition to a psychiatric problem of depression.  (Tr. at 39.)  She asserted that she first became ill in December 1996, which began with flu like symptoms and resulted in a diagnosis of hepatitis in February 1997.  (Tr. at 39.)  She explained that during this time she was sick and in bed all of the time (Tr. at 43), and her weight dropped from 170 to 125 pounds.  (Tr. at 41.)

Plaintiff's cousin, Marian Rodriguez, also testified that in 1997 she saw Plaintiff four or five times a week and assisted her by taking her to see many doctors, as well as aiding her with child care, grocery shopping, and household chores.  (Tr. at 54-56.)  She said that as early as 1997 Plaintiff was sick most of the time, was tired, had problems getting out of bed, and did not want to engage in any activity.  (Tr. at 56.)

The ALJ denied her Title II DIB claim on the basis that a medically determinable impairment did not exist on or prior to the date she was last insured.  (Tr. at 24.)  Rodriguez was only insured through December 31, 1997, thus is entitled to receive benefits if onset of the disability occurred on or before that date.[2]  (Tr. at 24.)  The ALJ rejected the March 18, 2002 Welfare form filed by Dr. Mahmood that approximated the onset date as 1997.  (Tr. at 272.)  The basis for this rejection was the lack of any "medical evidence to support the onset of any impairment prior to December 1998."  (Tr. at 24.)

---

[2] Only individuals who meet the insured status requirements as defined by 42 U.S.C § 423(c)(1) are eligible for DIB payments. 42 U.S.C. § 423(a)(1)(A).

The ALJ rejected Plaintiff's Title XVI SSI claim as well. Based on the medical evidence presented, ALJ DeSteno did acknowledge Rodriguez has autoimmune hepatitis, asthma, diabetes, obesity, and depression, and further stated that these impairments are severe. (Tr. at 26.) However, he ultimately concluded that the Plaintiff retained the residual functional capacity to perform sedentary work, including her prior employment as a data entry clerk. (Tr. at 26.) Plaintiff sought review by the Appeals Council, which denied her request for review on January 23, 2004. (Tr. at 6.) Plaintiff then timely appealed to this Court.

The Commissioner acknowledges that the ALJ incorrectly analyzed Plaintiff's SSI claim, and concedes remand is appropriate because the SSI claim requires further administrative proceedings. (Def.'s Br. at 10.) However, the Commissioner objects to Plaintiff's request for remand with respect to her DIB claim. The focus of this opinion is the DIB claim, as the SSI claim will be remanded.

### III. Standard of Review

An individual is entitled to DIB upon a finding of a disability, which is defined by Title II of the Act as a "'medically determinable basis for an impairment that prevents him from engaging in any "substantial gainful activity" for a statutory twelve-month period.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Stunkard v. Secretary of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988)); 42 U.S.C. § 423(d)(1). The claimant is "considered unable to engage in any substantial activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" Plummer, 186 F.3d at 428 (quoting 42

U.S.C. § 423(d)(2)(A)).

A five-step evaluation process, set forth in 20 C.F.R. § 404.1520, is used to evaluate whether or not an individual is disabled. Burnett v. Commissioner of Soc. Sec., 220 F.3d 112, 118 (3d Cir. 2000). In step one, the Commissioner determines whether the person is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. Burnett, 220 F.3d at 118. In step two, the Commissioner must next determine whether the claimant is suffering from a severe medical impairment. Id. at § 404.1520(c). If the claimant cannot show his impairment is severe, he is ineligible for disability benefits. Id. However, if the claimant demonstrates a severe medical impairment, the Commissioner must determine in step three whether the impairment meets or equals an impairment listed by the Commissioner as creating a presumption of disability. Id. at § 404.1520(d). If the claimant's severe impairment satisfies step three of the analysis, the Commissioner will find the claimant disabled without considering other factors such as age, education, and experience. Id. at § 404.1520(d). Conversely, if the impairment is not equal to any listing, the Commissioner must proceed to steps four and five. Burnett, 220 F.3d at 118.

In step four, the Commissioner determines if the claimant retains the residual functional capacity to perform his or her past relevant work. 20 C.F.R. § 404.1520(e). The claimant has the burden of demonstrating his or her inability to perform past relevant work. Burnett, 220 F.3d at 118 (quoting Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994)). If the claimant does not have the capacity to resume his or her past work, the evaluation will continue to the fifth step. Id. at 118. At the fifth step, the burden shifts to the Commissioner to demonstrate the claimant is capable of

5

performing some other available work in the national economy, taking into consideration the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(f); Burnett, 220 F.3d at 118. If the claimant cannot perform other work in the national economy, the Commissioner must grant disability benefits to the claimant.

The district court exercises plenary review over the Commissioner's legal conclusions and is bound by the Commissioner's factual findings that are supported by substantial evidence, Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000), as the court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)). Substantial evidence has been defined as "...such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). For evidence to be deemed substantial, it must consist of "more than a mere scintilla of evidence but less than a preponderance." Stunkard, 841 F.2d at 59 (citing Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979)).

**IV. Discussion**

In reaching the decision to deny Plaintiff DIB benefits, the ALJ followed the five-step evaluation process ending his evaluation at the second step. The ALJ determined at step one that Plaintiff has not engaged in substantial gainful activity since the alleged onset of the disability. He then moved onto step two, denying Plaintiff benefits based on a finding that there was no severe impairment on or prior to the date she was last insured. Plaintiff argues that the ALJ erred in concluding the analysis at this step because the ALJ failed to consult a medical advisor to

determine the onset date of her impairment as required by SSR 83-20 and the Third Circuit's holdings in Walton v. Halter, 243 F.3d 703 (3d Cir. 2001) and Newell v. Comm'r of Soc. Sec., 347 F.3d 541 (3d Cir. 2003).  (Pl.'s Br. at 10-17.)

As previously discussed, step two requires the ALJ to determine whether the claimant suffers from an impairment or a combination of impairments that is "severe."  Newell, 347 F.3d at 546; 20 C.F.R. § 404.1520(c).  The SSR provides a definition of "severe" in the negative by stating, "an impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."  20 C.F.R. § 404.1521(a).

Despite the use of the word "severe," the Commissioner has explained that an applicant must merely show "'a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'"  McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) (quoting SSR 85-28).  Only groundless claims should be disposed of at step two because it operates as a  "*de minimus* screening device." Newell, 347 F.3d at 546.  The SSR stresses that it is rare for a determination to conclude at this step, thus it "is certain to raise a judicial eyebrow" when an ALJ ends the evaluation at step two. McCrea, 370 F.3d at 360-361.

In order to receive disability insurance benefits pursuant to Title II of the Act, a claimant must show the onset of her disability was during the time she was insured.  See Kane v. Heckler, 776 F.2d 1130, 1131 n.1 (3d Cir. 1985) (citing De Nafo v. Finch, 436 F.2d 737, 739 (3d Cir. 1971); 20 C.F.R. § 404.320(b)(2) (1985)).  "In cases in which the onset date is critical to a determination of entitlement to benefits, an ALJ must grapple with and adjudicate the question of onset, however difficult."  Newell, 347 F.3d at 548.

While a contemporaneous personal medical observation may be preferable, when such evidence is unavailable, onset will be determined based upon "the best available data without regard to its source." Walton, 243 F.3d at 710. According to SSR 83-20, this data includes information gathered after the fact from the claimant and lay people, such as family and neighbors. Id. See also Newell, 347 F.3d at 547 ("Retrospective diagnosis of an impairment, even if uncorroborated by contemporaneous medical records, but corroborated by lay evidence relating back to the claimed period of disability, can support a finding of past impairment."). The ALJ is also obligated to consider medical records developed after the expiration of the insured status. See Newell, 347 F.3d at 547-548. Where medical evidence regarding the onset date of a slowly progressing impairment is ambiguous, a retroactive inference cannot be made without consultation with a medical advisor in order to ensure the onset determination is based on a legitimate medical basis. Newell, 347 F.3d at 549 n.7. See also Walton, 243 F.3d at 709 (citing Grebenick v. Chater, 121 F.3d 1193, 1201 (8th Cir. 1997) ("…if the medical evidence is ambiguous and a retroactive inference is necessary, SSR 83-20 requires the ALJ to call upon the services of a medical advisor to insure that the determination of onset is based upon a 'legitimate medical basis.'")).

The present case factually mirrors that in Newell, where the court concluded the ALJ should have consulted a medical advisor to determine onset. Like the ALJ in Newell, the ALJ in this matter failed to consider "the best available data" and failed to consult a medical advisor to determine the onset date. Rather the ALJ relied on his own lay analysis and concluded with a terse explanation that:

8

> The evidence fails to establish the existence of a medically determinable severe impairment on or prior to the date last insured of December 31, 1997. Although Dr. Mahmood stated in a March 18, 2002 Welfare form that the approximate date of onset was 1997 (Exhibit 20F), there is no medical evidence to support the onset of any impairment prior to December 1998. Thus, the Title II DIB claim must be denied at step two. (Tr. at 24.)

It is clear from this statement that the ALJ's rejection of Dr. Mahmood's onset conclusion does not have a legitimate medical basis and is not supported by substantial credible evidence.

Rodriguez alleges her mental and physical impairments are slowly progressing conditions that existed prior to December 31, 1997. While it is true that the medical record for Rodriguez does lack evidence of treatment prior to December 31, 1997, the date she was last insured, this alone is insufficient to reject the doctor's analysis and deny Rodriguez benefits. See Newell, 347 F.3d at 547. The mere fact that a "'claimant may be one of the millions of people who did not seek treatment for a mental disorder until late in the day'" does not qualify as a substantial basis to reject the existence of an impairment. Id. (quoting Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996)).

Not only did Dr. Mahmood conclude onset was sometime during 1997, both Plaintiff and her cousin testified as to Plaintiff's alleged onset date. Plaintiff testified that she first became ill in December 1996 and was diagnosed with hepatitis in 1997. (Tr. at 39.) She also explained that she was in bed all of the time throughout 1997. (Tr. at 43.) Further, Plaintiff's cousin corroborated her testimony, stating that as early as 1997 Plaintiff was sick most of the time, had problems getting out of bed, and did not want to do anything. (Tr. at 56.)

The ALJ acknowledges that the Plaintiff does have severe impairments, including autoimmune hepatitis, asthma, diabetes, obesity, and depression. (Tr. at 26.) However, despite

9

acknowledging these impairments, he failed to follow the proper procedure established by SSR 83-20 to determine the onset date of these impairments.  Because the medical evidence regarding the onset date is ambiguous, the ALJ erred in rejecting the doctor's statement and ignoring the lay testimony of the Plaintiff and her cousin without first consulting a medical advisor.  Thus, the ALJ's analysis as to the DIB claim is not supported by substantial credible evidence.

### V. Conclusion

In conclusion, the ALJ erred in ending his DIB analysis at step two without complying with SSR 83-20 in determining the onset date.  Therefore, the ALJ's decision with regard to both DIB and SSI is reversed and remanded.


**Dated:** July 11, 2005                                                                s/ William J. Martini                    
**William J. Martini, U.S.D.J.**